UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WEEKS MARINE, INC | CIVIL ACTION |
| VERSUS | NO. 14-905 |
| BAE SYSTEMS SOUTHEAST SHIPYARDS ALABAMA, LLC | SECTION "F" |

ORDER & REASONS

Before the Court are the plaintiff's motion for injunctive relief and the defendant's motion to compel arbitration. For the following reasons, the plaintiff's motion is DENIED and the defendant's motion is GRANTED.

Background

This is a dispute arising out of a fixed-price shipbuilding contract. On August 5, 2011, Weeks Marine Incorporated (WMI) and BAE Systems Southeast Shipyards Alabama, LLC (BAE) contracted for the construction of a vessel. Under the contract, the completed vessel was to be delivered by BAE to WMI by February 5, 2014; however, after the parties disagreed over several change orders, work on the vessel stopped. On June 28, 2013, WMI sent a notice of default to BAE demanding that it exercise "due diligence in the performance of contract work." On July 1, 2013, BAE responded with its own notice of default asserting that WMI breached the contract by failing to administer "essential changes." WMI contends that the work delay puts BAE in breach, but BAE counters that the delay

1

was caused solely by WMI's failure to fulfill its obligation to provide complete and adequate design specifications.

Under Article X of the contract, if BAE is in default, then WMI may have the vessel transferred to another shipyard for completion. Under Article XI, if WMI is in default, then BAE may suspend its work, take title to the vessel and its parts and materials, and sell them to mitigate damages. However, Article XIII contains the following arbitration provision:

> Except as set forth below, in the event of any dispute between the parties hereto as to any matter arising out of or relating to this Contract or any stipulation herein or with respect hereto which cannot be settled by the parties themselves, such dispute shall be resolved by arbitration in metro New Orleans, LA in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") as they exist as of the date hereof or another set of rules agreed to in advance by the parties (the "Rules").

In accordance with that provision, on August 2, 2013, BAE sent a Notice of Demand for Arbitration. Although the arbitration proceedings remain pending, on April 7, 2014, WMI notified BAE that it was invoking its right, upon BAE's default, to terminate the contract and transfer the vessel to another shipyard for completion. On April 9, 2014, BAE responded that WMI had no such right and that BAE would terminate the contract and take over title to the partially completed vessel and its parts and materials. The next day, when WMI's engineer tried to enter BAE's shipyard to inspect the vessel but was turned away, WMI filed a complaint in

this Court for injunctive relief in aid of arbitration.[1]

Specifically, WMI requests preliminary and permanent injunctive relief: (1) prohibiting BAE from selling the vessel or any of its parts and materials; (2) prohibiting BAE from unreasonably allowing the vessel and its parts to deteriorate and requiring BAE to take reasonable commercial steps to maintain the vessel in good condition; (3) prohibiting BAE from denying WMI, its vendors, and representatives of other shipyards from inspecting and evaluating the vessel in preparation for its transfer; and (4) requiring BAE to allow WMI to promptly and efficiently transfer the vessel to another shipyard. BAE opposes WMI's request for injunctive relief and moves to compel arbitration.

<u>Law and Analysis</u>

I.

A. Preliminary and Permanent Injunction

It is well settled that "a preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion." <u>Bluefield Water Ass'n v. City of Starkville, Miss.</u>, 577 F.3d 250, 253 (5th Cir. 2009) (quoting <u>Lake Charles Diesel, Inc. v. Gen. Motors Corp.</u>, 328 F.3d 192, 196(5th Cir. 2003)); <u>see</u> <u>also</u> <u>PCI Transport., Inc. v.Ft. Worth & W. R.R. Co.</u>, 418 F.3d 535, 545 (5th Cir. 2005). The

---

[1] That same day, WMI moved for a temporary restraining order, which the Court denied.

Court can issue an injunction only if the movant shows:

> (1) a substantial likelihood of prevailing on the merits;
> (2) a substantial threat of irreparable injury if the injunction is not granted;
> (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and
> (4) the injunction will not disserve the public interest.

Ridgely v. FEMA, 512 F.3d 727, 734 (5th Cir. 2008). The standard for a permanent injunction is essentially identical, with the exception that one must prove actual success on the merits. Amoco Prod. Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987); see Greyhound Lines, Inc. v. City of New Orleans ex rel. Dept. of Pub. Utils., 29 F. Supp. 2d 339, 341 (E.D. La. 1998).

Where an arbitration agreement contemplates the use of a preliminary injunction to maintain the status quo, the district court has the power to issue a preliminary injunction for that purpose.[2] RGI, Inc. v. Tucker & Assocs., Inc., 858 F.2d 227, 230 (5th Cir. 1988). This Court has held that even where the arbitration clause does not contemplate the use of a preliminary injunction, "where the requisites for injunctive relief are satisfied, to deny such relief would potentially frustrate the congressional intent to enforce arbitration agreements." Speedee Oil Change Sys., Inc. v. State Street Capital, Inc., 727 F. Supp.

---

[2] There is some dispute between the circuits over whether injunctive relief pending arbitration is appropriate. See Speedee Oil Change Sys., Inc. v. State Street Capital, Inc., 727 F. Supp. 289, 291 (E.D. La. 1989) (listing cases).

289, 292 (E.D. La. 1989).

## B. The Arbitration Clause

The Federal Arbitration Act establishes a national policy in favor of arbitration. See Moses H. Cone Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22-24 (1983). Among other things, the FAA requires that where a suit presents an issue referable to arbitration based on an arbitration agreement, the Court "shall upon application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, where the Court finds a written agreement to arbitrate and determines that the issues raised before it are within the scope of the agreement, the Court must grant a motion to stay the proceedings. See In re Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir. 1993). Further, the Court must order the parties proceed to arbitration upon finding that the making of the agreement or the failure to comply with the agreement are not at issue. 9 U.S.C. § 4.

In determining whether to compel arbitration, the Court must engage in a two step inquiry: "first, whether the parties agreed to arbitrate and second, whether federal statute or policy renders the claims nonarbitrable." Dealer Computer Servs., Inc. v. Old Colony Motors, Inc., 588 F.3d 884, 886 (5th Cir. 2009). Unless the agreement unmistakably provides otherwise, the Court decides the question of arbitrability. Howsam v. Dean Witter Reynolds, Inc.,

537 U.S. 79, 83 (2002); <u>Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.</u>, 139 F.3d 1061, 1067 (5th Cir. 1998). The Court presumes, however, that the parties intended the arbitrator to decide procedural questions and "allegation[s] of waiver, delay, or a like defense to arbitrability." <u>Howsam</u>, 537 U.S. at 84 (quoting <u>Moses H. Cone Memorial Hosp.</u>, 460 U.S. at 24-25); <u>Dealer Computer</u>, 588 F.3d at 887.

In deciding whether the parties agreed to arbitrate the dispute in question, the Court should consider: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." <u>Webb v. Investacorp Inc.</u>, 89 F.3d 252, 257-58 (5th Cir. 1996). Any doubts about the scope of an arbitration clause must be resolved in favor of arbitration. <u>In re Hornbeck</u>, 981 F.2d at 754-55. Unlike narrow clauses that require arbitration of disputes that "arise out of" the contract, broad clauses are those that govern disputes that "relate to" or "are connected with" the contract. <u>Pennzoil</u>, 139 F.3d at 1067. Broad arbitration clauses "are capable of expansive reach." <u>Id.</u>  The Fifth Circuit has held that an arbitration clause providing that "any dispute, controversy or claim arising out of or in relation to or in connection with this Agreement or the operations carried out under this agreement" was indeed broad. <u>Pennzoil</u>, 139 F.3d at 1067. And the Fifth Circuit determined that "[w]ith such a broad arbitration clause, it is only

6

necessary that the dispute 'touch' matters covered by [the agreement] to be arbitrable." Id. at 1068.

II.

The parties do not dispute that this matter is ultimately arbitrable. The arbitration clause at issue is broad (it applies to "any matter arising out of or relating to" the shipbuilding contract) and plainly covers the plaintiff's breach of contract and related equitable claims. The only issue, then, is whether injunctive relief pending arbitration is available.

The plaintiff contends that Article XXI of the contract explicitly provides a right to injunctive relief pending arbitration, and that such relief is necessary to maintain the status quo. The defendant counters that the requested injunction is neither sanctioned by nor necessary to preserve the parties' rights under the contract. The defendant argues that the requested injunction would essentially decide the merits of the case, hold the defendant solely in default, and render the arbitration process meaningless.

The Court agrees. As an initial matter, there is no indication that the parties ever bargained for the availability of injunctive relief pending arbitration.[3] And although the plaintiff

---

[3] Article XXI of the shipbuilding contract is plainly distinguishable from the provision at issue in RGI, which explicitly provided that the parties' agreement "shall continue in full force and effect until [the arbitration] decision is rendered." 858 F.2d at 230. There, the Fifth Circuit held that

7

frames its request as one for relief "in aid of arbitration," the requested relief would actually interrupt and undermine the arbitration proceedings.  Rather than preserving the status quo ante, the requested injunction would create an entirely new state of affairs where the plaintiff receives the benefit of a remedy reserved specifically for the defendant's default--that is, the right to transfer the vessel to another shipyard for completion. Only the arbitrators can grant that relief.[4]

Accordingly, the plaintiff's request for injunctive relief is DENIED and the defendant's motion to compel arbitration is GRANTED. This case is STAYED and ADMINISTRATIVELY CLOSED pending resolution of the arbitration proceedings.

New Orleans, Louisiana, June 4, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

"[t]his bargained-for provision clearly contemplates that the status quo is to continue pending arbitration."  Id.  Here, however, Article XXI simply provides this Court with "nonexclusive jurisdiction" over "[a]ny legal action or proceeding with respect to this contract or the construction of the VESSEL," and in no way speaks of any bargained-for right to injunctive relief pending arbitration.

[4]  Although the plaintiff also requests an injunction preventing the defendant from allowing the vessel to deteriorate and from taking title to the vessel and its parts and materials, such relief is not necessary from this Court because it can by granted by the arbitrators under Rule R-36 of the Construction Industry Arbitration Rules and Mediation Procedures, and regardless, there is no proof of irreparable harm.